**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | CIVIL ACTION NO. 3:15-md-2614-M |
| IN RE: INDUSTRIAL PRINT | § | |
| TECHNOLOGIES, LLC PATENT | § | |
| LITIGATION | § | THIS MEMORANDUM OPINION AND |
| | § | ORDER RELATES TO ALL CASES |
| | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are seven identical Motions for Leave to Amend the Pleadings to Add

Acacia Research Group, LLC ("ARG") as a Counter-defendant filed by Defendants/Counter-

claimants in each of the individual cases involved in this multidistrict patent litigation ("MDL")

matter.  For the following reasons, the motions are DENIED.

### BACKGROUND

The individual cases involved in this MDL matter are various actions for patent

infringement brought by Plaintiff Industrial Print Technologies, LLC ("IPT") against Defendant

Hewlett Packard Company ("HP") and several HP customers, Defendants Cenveo, Inc., O'Neil

Data Systems, Inc., Quad/Graphics, Inc., Vistaprint U.S.A., Inc., and Fort Dearborn Company.

The technology covered by the asserted patents relates to industrial printing and provides

methods for executing print jobs that incorporate variable data.[1]  By its lawsuits, IPT contends

that Defendants use, manufacture and/or sell high-speed printing presses that process variable

data print jobs using methods that infringe the patented technology.  Defendants deny IPT's

---

[1] The asserted patents are U.S. Patent Nos. 5,729,655; 5,937,153; 6,145,946; 6,381,028; 6,493,106; 7,274,479; and 7,333,233.

allegations and have filed counterclaims against IPT seeking declarations of non-infringement and invalidity of the asserted patents.

IPT alleges that it is the exclusive licensee of the patented technology.  According to IPT, all right, title, and interest in the asserted patents is owed by the inventor of the patented technology, Forrest P. Gauthier ("Gauthier").  IPT asserts that prior to the commencement of any of the individual cases, Gauthier exclusively licensed all substantial rights in and to each of the asserted patents to ARG, including the right to assign its license rights to a designated affiliate of ARG.  ARG, in turn, is alleged to have transferred and assigned to IPT, as its wholly-owned designated affiliate, all of ARG's rights, obligations, interests, and liabilities under the license agreement with Gauthier, which IPT assumed.  Thus, IPT claims it is the exclusive licensee of all substantial rights under the asserted patents, including the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and to seek and obtain injunctive and all other relief for infringement of any of the asserted patents.

Defendants contend that IPT is a grossly-undercapitalized shell for ARG to enforce its patent rights against HP and HP's customers.  They argue that IPT is the alter ego of ARG, and/or ARG's agent to monetize the asserted patents.  They further argue that ARG so completely dominates IPT that ARG is the real party in interest in this litigation.  Accordingly, Defendants seek to amend their pleadings to add ARG as a permissive counterclaim defendant.

IPT disputes that ARG is a proper party to this litigation. The issues have been fully briefed, and Defendants' motions are ripe for determination.

## LEGAL STANDARDS AND ANALYSIS

Motions for leave to amend are governed by Rule 15(a)(2), unless the time to seek leave to amend has expired, in which case motions for leave to amend are governed by Rule 16(b)(4),

and then by Rule 15(a)(2).  *See Greco v. Nat'l Football League,* --- F. Supp. 3d ----, 2015 WL 4475663, at *8 (N.D. Tex. July 21, 2015) (Lynn, J.).  Under Rule 15(a)(2), a "court should freely give leave when justice so requires."  Rule 15(a)(2) "evinces a bias in favor of granting leave to amend," *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), meaning a district court must  have a "substantial reason" to deny leave.  *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).  However, leave is not automatic under Rule 15, and the district court retains discretion to deny leave to amend.  *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013) (citation omitted).

A court deciding whether to grant leave should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).  Unless the non-moving party can show one of these factors, leave should be freely given.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[T]hat generous standard is tempered by the necessary power of a district court to manage a case."  *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)).

Here, IPT has shown that Defendants' requested amendment is futile because the Court concludes ARG is not a proper counterclaim defendant.  Defendants' proposed counterclaims against ARG are for a declaratory judgment of non-infringement and invalidity of the asserted patents.  However, based on the current pleadings, ARG has no legal interest in the asserted patents.  It is undisputed that IPT owns an exclusive license to all of the substantial rights under

the asserted patents.  Among other things, IPT has the exclusive right to sue for and collect past,

present, and future damages and the exclusive right to all past, present, and future causes of

action for damages or equitable relief for infringement of the asserted patents.  ARG does not

own any of the asserted patents and does not have any rights to assert the patents against

Defendants.  Indeed, ARG would lack standing to assert a claim—or join IPT's claims—for

patent infringement.  Defendants' declaratory judgment claims, which allege that the asserted

patents are invalid and not infringed, are the mirror images of IPT's claims for patent

infringement.  *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed.

Cir. 1990).  Because ARG lacks standing to assert an infringement claim, it cannot properly be

joined as a defendant to the declaratory judgment claims for noninfringement.  *See GMP Tech.,*

*LLC v. Zicam, LLC*, 2009 WL 5064762, at *2 (N.D. Ill. Dec. 9, 2009) (holding that corporate

entity that lacked standing to bring a patent infringement suit because it did not own any interest

in the patents at issue would not be a proper defendant in a declaratory action for

noninfringement); *Epic Sys. Corp. v. Acacia Research Corp*., 2006 WL 3355185, at *4 (D. Del.

Nov. 16, 2006) (same).

      This futility notwithstanding, Defendants contend that ARG is a proper counterclaim

defendant because Defendants have alleged that IPT is ARG's alter-ego, and agent for

monetization of the asserted patents.  Specifically, Defendants allege that ARG completely

dominates IPT and controls every aspect of this litigation.  They further allege that ARG

purposely undercapitalized IPT so that ARG could use IPT as a shield to avoid responsibility for

this litigation, including responsibility for any attorneys' fee award the Court might impose

against IPT.  Defendants contend that adding ARG is necessary to ensure that they are able to

obtain complete relief on their counterclaims against IPT.  However, Defendants have pled

counterclaims only for declaratory judgments of non-infringement and invalidity of the asserted patents.  Relief on these counterclaims does not depend on ARG, which has no legal interest in the asserted patents.

To the extent Defendants contend that "complete relief" includes recovery of fees and costs incurred in this litigation, they have not shown that—if they were to prevail—IPT is so undercapitalized that it would be unable to satisfy any award of fees or costs.  IPT's CFO has confirmed the sufficiency of IPT's capitalization, which includes rights to the asserted patents. *See, e.g.,* IPT Resp. App. [Docket Entry # 67 in 3:15-cv-00165-M] at A57-58.  The Court is not inclined to permit further discovery into the sufficiency of IPT's capitalization to satisfy a potential award of cost or fees.  At this point in the litigation, Defendants' entitlement to such an award is entirely speculative, and discovery into the subject would result in delay and increase costs without advancing a resolution on the merits.

Finally, although Defendants express frustration with ARG's response to HP's document subpoenas, that is not a justification to add ARG as a party.  The Federal Rules provide sufficient means for Defendants to obtain relevant discovery from ARG as a nonparty.  If appropriate, Defendants may bring a motion to compel or a motion for sanctions if it contends ARG has engaged in discovery misconduct.

## CONCLUSION

Defendants' Motions for Leave to Amend the Pleadings to Add Acacia Research Group, LLC as a Counter-defendant [Docket Entry # 64 in 3:15-cv-00165-M; Docket Entry # 155 in 3:15-cv-01100-M; Docket Entry # 73 in 3:15-cv-01101-M; Docket Entry # 50 in 3:15-cv-01103-M; Docket Entry # 51 in 3:15-cv-01104-M; Docket Entry # 53 in 3:15-cv-01106-M; Docket Entry # 68 in 3:15-cv-01195-M] are DENIED.

**SO ORDERED.**

October 7, 2015.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS